ANGEL NIEVES CRUZ ET AL., Plaintiffs and Appellees, *v.* ANDRÉS CRUZ ÁGUILA, LUIS RIVERA SANTOS, ETC., and THE COMMONWEALTH OF PUERTO RICO, Defendants and the latter Appellant.

No. 123. Decided April 25, 1962.

*Hiram R. Cancio, Secretary of Justice, Arturo Estrella, Jorge Ruiz Rivera, Assistant Secretaries of Justice,* and *Fausto Ramos Quirós* for the Commonwealth of Puerto Rico. *Ramón Ferrer Delgado* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

PER CURIAM.

For several years Andrés Cruz Águila operated a quarry belonging to the Commonwealth of Puerto Rico, situated in Comunidad Ánimas of the Ward Factor of Arecibo, for his personal benefit and without proper authorization.

On November 22, 1956, there occurred a landslide in the said quarry which trapped and killed minor José Ramón Nieves Candelaria. His parents filed an action for damages against Andrés Cruz Águila, Luis Rivera Santos, in his capacity as Secretary of the Department of Agriculture and Commerce of Puerto Rico, and the Commonwealth.

The plaintiffs compromised their claim with Cruz Águila and desisted from their action as respects him.

The Commonwealth and Luis Rivera Santos admitted in their answer the following facts alleged in the amended complaint:

"2.—That the Social Programs Administration of the Department of Agriculture and Commerce of Puerto Rico is an entity which operates under the direction and supervision and forms part of the Department of Agriculture and Commerce of Puerto Rico, and the Department of Agriculture and Commerce of Puerto Rico is an integral part of the Commonwealth of Puerto Rico; and that the defendant, Andrés Cruz Águila, is of full age, assemblyman of the Municipality of Arecibo, Puerto Rico, and a resident of the city of Arecibo, Puerto Rico.

"3.—That the Social Programs Administration of the Department of Agriculture and Commerce of Puerto Rico, under the supervision and direction of the Department of Agriculture and Commerce of Puerto Rico, and, hence, under the supervision and direction of the Commonwealth of Puerto Rico, owns, administers, has, and had on all the dates mentioned in this amended complaint the custody and possession of a stone quarry situated on lands known as 'Las Ánimas' of the ward of Factor No. I of the city of Arecibo, Puerto Rico."

At the request of the plaintiffs, they also admitted the truthfulness of the following facts:

"1.—That they admit that Juan F. Ramírez Aldite was on June 8, 1956, the attorney for the Commonwealth of Puerto Rico attached to the Legal Division of the Department of Agriculture and Commerce of Puerto Rico.

"2.—That they admit that by direction of the Hon. Secretary of Agriculture and Commerce of Puerto Rico, on behalf of the Commonwealth of Puerto Rico, on June 8, 1956 attorney Juan F. Ramírez Aldite wrote the following letter to Andrés Cruz Águila, with copy to Ángel Nieves Cruz:

"'June 8, 1956—Mr. Andrés Cruz, Bo. Candelaria, c/o Luis A. Pérez Cintrón, District Supt. of S.P.A., Arecibo, Puerto Rico:—This office has reliable information that you are operating clandestinely a quarry in Comunidad Rural 'Ánimas' of that municipality. We also have information that there is involved in this illegal operation a sharecropper named Ángel Nieves of that community, and that for some time you and the said Mr. Nieves have been engaged in the said activity in violation of the regulations of this office and of the provisions of the existing law governing the matter. We are therefore granting you and Mr. Nieves an unextendible period of fifteen (15) days, counted from the receipt of this letter, to appear in this office to state the reasons why proper judicial action should not be taken against you. We wish to advise you that in the event of failure to comply with our suggestions within the stipulated period, your attitude will be considered as a refusal which will leave us free to proceed judicially in order to safeguard the interests of our government and of the community in general. Very truly yours, (sgd.) Juan F. Ramírez Aldite, JUAN F. RAMÍREZ ALDITE, Attorney Legal Division.—JFRA: man: CC: Mr. José V. Vidal—Mr. Luis A. Pérez—Mr. Ángel Nieves.'

"3.—That they admit that the letter copied in paragraph 2 came in an envelope which read as follows:

"'Commonwealth of Puerto Rico, Department of Agriculture and Commerce, Social Programs Administration, Box 8157, Santurce, Puerto Rico: Mr. Ángel Nieves, Com. Rural "Ánimas," Bo. Factor No. 1, Arecibo, Puerto Rico.'

"4.—That the defendants admit that during the year prior to November 22, 1956, and on more than four occasions, the employees of the Department of Agriculture and Commerce of Puerto Rico and the employees of the Social Programs Administration of the Department of Agriculture and Commerce of Puerto Rico visited personally the quarry described in the complaint and personally ordered Andrés Cruz Águila to stop the hazardous work being performed in the said quarry, and that despite the fact that the said Andrés Cruz Águila continued to operate the said quarry neither the Secretary of the Department of Agriculture and Commerce of Puerto Rico nor the Commonwealth of Puerto Rico took any judicial action to stop the hazardous operation of the said quarry." (Appendix "C", paragraphs 1, 2, 3, and 4.)

The quarry in question was situated in a rural community where over 400 families and their minor children were living. There were some five schools near the quarry. Its operation was hazardous and in violation of all laws and regulations for quarries. Although the appellants did not authorize the operation of the quarry, they were aware of it and committed negligence in permitting it for such a long time without adopting coercive measures as required by law in order to prevent Cruz Águila's hazardous action, which culminated in the death of the son of the plaintiffs-appellees.

Except for the disclosures of the brief findings of fact of the trial court, we are not cognizant of the evidence offered by the plaintiffs in support of their complaint, since the appellants have not sent up to this Court the transcript of evidence. We do know that the appellants-defendants did not introduce any evidence. Apparently, they relied on the plaintiffs' evidence from which it appeared that on more than four occasions the employees of the Department of Agriculture and Commerce and the employees of the Social Programs Administration of that Department visited the quarry and ordered Cruz Águila to stop the hazardous work being performed there, and also that about five months prior to the accident the attorney for the Legal Division of the Depart-

ment of Agriculture and Commerce wrote to Cruz Águila the letter copied above.

We are therefore unaware of the manner in which Cruz Águila operated the quarry in question, and of the means, machinery, artifacts, etc., used in the operation. We do know that Cruz Águila violated all the laws and regulations relating to the operation of quarries and that he did it in a hazardous manner.

■ A quarry, by its method of operation, may constitute a nuisance. See annotation in 47 A.L.R.2d 490. Possibly, that might be the case here. If that was the case, the duty of the owner and possessor of the quarry should have gone farther than he did in order to prevent Cruz Águila's illegal action from causing damage to third parties.

■■ Ordinarily the owner and possessor of a property is not liable for the negligent or culpable acts of a wrongdoer, if he is not aware of such acts or if they are performed without his consent, acquiescence, or indulgence. But once he becomes aware of such acts and of the hazard and damage which may be caused to third persons, he may incur liability if he does not take proper action to prevent the repetition of such acts.

In deciding the present case we are not laying down a general doctrine, but the decision is confined to specific acts. We conclude that the appellants incurred a negligent omission and should be liable.

The judgment rendered by the Superior Court, Arecibo Part, on February 13, 1959, ordering the Commonwealth to indemnify the appellees for the damages sustained, is not contrary to the evidence nor to law and, consequently, it will be affirmed.